Argued October 5, 1964, affrimed as modified January 29,
petition for rehearing denied February 23, 1965

## JOHNSON *v.* LEWIS ET AL
398 P. 2d 744

*Gene L. Brown,* Grants Pass, argued the cause for

appellants. With him on the briefs was R. Gene Smith, Grants Pass.

*Gordon G. Carlson,* Roseburg, argued the cause for respondent. On the brief were Yates, Murphy & Carlson, Roseburg.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN and GOODWIN, Justices.

## GOODWIN, J.

This case was tried as a suit for specific performance and for an accounting of money due under a timber-cutting contract. The defendants appeal from a decree for the plaintiff in the amount of $38,291.84 with costs and interest.

For the purposes of this appeal we will treat the case as a suit in equity, although our examination of the record supports the view that it should have been tried as an action. The timber in question had been removed and the only important issues between the parties involved the money claimed to be due under the contract. The defendants correctly urged, therefore, that they were entitled to a jury trial. During the trial, however, the defendants appear to have abandoned their objection, and proceeded as if the matter were a suit.

The rights and duties of the parties are set forth in a pair of written contracts which are substantially similar in most of their details. Each contract describes the timber involved in the relevant sale. All parties here are the assignees of the original contracting parties, but this fact is not material in this appeal.

The assignment under which the defendants acquired their cutting rights and under which the plain-

tiff acquired his right to payment was not artfully drawn. Fairly construed, however, the assignment provides that before the plaintiff would be entitled to any payment from these defendants, he would have to show that the defendants had removed timber of sufficient volume to enable them to pay, at the rates provided in the basic contracts, all money due the original seller. After the original sellers had been paid in full (which they have been), then the plaintiff was to receive, as further timber was removed, certain specified payments. It was intended thus for the plaintiff to obtain from the defendants a sum equal to all sums (less certain interest charges) previously paid by the plaintiff's assignor to the original sellers of the timber. In other words, under the assignment scheme, the defendants were to pay the plaintiff the value of the equity which the plaintiff's assignor had in the timber. After paying the sellers the balance of the original contract purchase price of the timber, and paying the plaintiff for the aforementioned equity, the defendants were to have the overrun, if any, as their profit. The defendants completed the removal of the timber, but did not pay the plaintiff as much as the plaintiff claimed to be due.

The only controversy of any moment in the case at bar has to do with the amount to be paid the plaintiff for the equity the plaintiff had in the timber remaining upon one forty-acre tract when the defendants took over the contract. The resolution of this controversy involved a considerable volume of testimony and documentary exhibits.

■ The trial court examined the records of timber cruisers, accountants, and others who had or who claimed to have knowledge of the facts, and listened

to four days of testimony. The resulting decree was based upon the trial court's findings of fact. As noted, we are treating the proceeding as a suit, and have reviewed the matter *de novo* as required by ORS 17.440.

■ The defendants have contended throughout this litigation that certain of the timber cruiser's reports and accounting summaries used in proving the plaintiff's case should not have been received in evidence. The trial court heard evidence which tended to show that the questioned records were used as business records by the respective parties. The court received them as business records. We are satisfied the trial court committed no error.

The trial court carefully reviewed the evidence. The figures which the court used in awarding judgment to the plaintiff are with one exception supported by the evidence. No useful purpose would be served in reviewing the numerous assignments of error in detail, but we will take notice of the defendant's argument that the decree of the trial court requires the defendants to pay at the rate of $40 per thousand board feet for certain timber which had been felled and bucked. It is contended that the correct charge for that timber would have been $32 per thousand board feet, based upon an oral agreement which modified the written documents.

During the trial the defendants chose to rely upon the theory that they owed the plaintiff nothing at all, and accordingly they made little or no effort to develop their theory that they may have owed the plainitff $32 per thousand instead of $40 per thousand for some part of the timber in dispute. The record reveals, however, and the plaintiff at one time admitted in a plead-

ing, that $32 per thousand was the amount due for 1,500 M board feet of down timber.

■ The record thus supports the defendants' contention that if they owe any balance to the plaintiff for the down timber, that balance should be calculated at $32 per thousand instead of the $40 per thousand provided in the written assignment for all timber covered by the original contracts. There is no evidence to support the contrary view, and we believe that the decree, which is in all other respects correct, should be modified to give the defendants credit for 1,500 M board feet of down timber at $8 per thousand, the difference between the $32 orally agreed upon and the $40 set forth in the written documents. The defendants are, therefore, entitled to a reduction of $12,000 in the portion of the decree which contains a money judgment.

The defendants also assert that the decree requires them to pay $25,000 which they had previously paid. The evidence does not support this contention. On the contrary, the decree allows the defendants credit for the only $25,000 item for which the evidence showed credit to be due.

The trial court should enter an amended decree in accordance with the views expressed herein.

Affirmed as modified; neither party to recover costs.

ROSSMAN, J., did not participate in the decision of this case.